IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN TRUJILLO, #1838254 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv390 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND
ORDER OF DISMISSAL</u>

Petitioner Jonathan Trujillo, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. He filed the petition for the purpose of challenging his Hopkins County conviction for the offense of delivery of marijuana in a drug free zone, Case No. 0920903. On November 20, 2014, the Director filed a motion to dismiss the petition (docket entry #11) because it includes claims that were unexhausted. The Petitioner responded by filing a motion to grant the Director's motion to dismiss (docket entry #17).

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). This means that the petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276-77; *Dispensa*

*v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4 (1982). Rather, the petitioner must have presented the substance of his federal constitutional claim to the state courts. *Id.; Picard*, 404 U.S. at 513. The state court must have been apprised of all of the facts and legal theories upon which the petitioner bases his assertions. *Picard v. Connor*, *supra*; *Dispensa v. Lynaugh*, 847 F.2d at 217; *Rodriguez v. McKaskle*, 724 F.2d 463 (5th Cir.), *cert. denied*, 469 U.S. 1039 (1984). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). When a petition includes claims that have been exhausted along with claims that have not been exhausted, which is referred to as a "mixed petition," then the entire petition must be dismissed for failure to exhaust. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*).

In the present case, the Director appropriately characterized the present petition as a mixed petition and argued that the case should be dismissed. The Petitioner agreed. The Court finds the arguments persuasive and that the petition should be dismissed. It is therefore

**ORDERED** that the Director's motion to dismiss (docket entry #11) is **GRANTED**. It is further

**ORDERED** that the Petitioner's motion to grant the Director's motion to dismiss (docket entry #17) is **GRANTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 19th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE